UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GEORGE HINOJOSA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, SATF/SP,<br><br>    Respondent. | No.  2:22-cv-1780 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed, it appears, on behalf of petitioner, Robert Hinojosa, by a fellow inmate, who identifies himself as Joshua Davis Bland.[1] (ECF Nos. 1, 2.) Mr. Bland has also filed a motion requesting to proceed as a "next friend" on behalf of petitioner. (ECF No. 2.) The petition challenges Mr. Hinojosa's 2019 conviction in the San Joaquin County Superior Court. For the reasons set forth below, the undersigned will deny the motion to proceed as a "next friend" and recommend that the petition be dismissed for lack of standing.

---

[1] Review of the California Department of Corrections and Rehabilitation's inmate locator system located at http://inmatelocator.cdcr.ca.gov indicates that Mr. Bland is presently incarcerated at Kern Valley State Prison. The court may take judicial notice of information stored on the inmate locator website. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

1

I.     **Motion to Proceed as "Next Friend"**

A "next friend" may, in certain circumstances, bring a habeas petition on behalf of another. Whitmore v. Arkansas, 495 U.S. 149, 161-63 (1990). Additionally, 28 U.S.C. § 2242 provides that "[a]n application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."

"In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to the court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petition." Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1159-60 (9th Cir. 2002) (citing Massie ex rel. Kroll v. Woodford, 244 F.3d 1192, 1194 (9th Cir. 2001)). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Whitmore, 495 U.S. at 164.

In support of Mr. Bland's motion, he argues that "next friend" status is required because petitioner is beyond the on-year statute of limitations[2] and he does not "comprehend constitutional law like [Mr. Bland] . . . ." (ECF No. 2 at 1.) There is no indication that petitioner is unable, by reason of incompetency or otherwise, to pursue this action and Mr. Bland does not allege that petitioner is unable to do so. Additionally, Mr. Bland's filings do not even indicate whether petitioner has requested Mr. Bland file this petition on his behalf.

"It is well-settled that a next friend may not file a petition for writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing Weber v. Garza, 570 F.2d 511, 513 (5th Cir. 1978)). Thus, petitioner's lack of legal education or comprehension is not sufficient to show that he is not capable of filing his own petition. See Galvan v. Horel, No. 1:07-cv-01482 OWW SMS (HC), 2007 WL 4239543 (E.D. Cal. Dec. 3, 2007) (denying motion for next friend status filed by fellow

---

[2] Petitioner is advised that § 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. Typically, the statute of limitations begins the day after the petitioner's conviction becomes final. 28 U.S.C. § 2244(d)(1).

1    inmate on behalf of petitioner who could not read or write in English because that "barrier is
2    present in a majority of pro se prisoner actions").

3          Additionally, even if Mr. Bland's motion for "next friend" status were granted, he would
4    have to be represented by counsel in order to proceed as a "next friend" because pro se litigants
5    have no authority to represent anyone other than themselves.  See Johns v. County of San Diego,
6    114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for
7    others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th
8    Cir. 1987)); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (non-
9    attorney plaintiff may not attempt to pursue claim on behalf of others in a representative
10   capacity).  "Although a non-attorney may appear in propia persona in his own behalf, that
11   privilege is personal to him."  C.E. Pope Equity Trust, 818 F.2d at 697 (citations omitted).

12         The court also notes that the petition was not signed by the petitioner.  (ECF No. 1 at 17.)
13   Mr. Bland explains that petitioner could not sign the petition because both he and petitioner are
14   incarcerated and do not have permission to correspond.  However, under Rule 2(c)(5) of the Rules
15   Governing Habeas Corpus Cases Under Section 2254 the petition must "be signed under penalty
16   of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. §
17   2242."  Because the undersigned will recommend that Mr. Bland's motion to proceed as
18   petitioner's "next friend" be denied, it will further recommend that the petition be dismissed as it
19   has not been signed in accordance with Rule 2(c)(5).

20   **II.     Conclusion**
21       For the reasons set forth above, the Clerk of the Court is ORDERED to:
22       1. Randomly assign this action to a United States District Judge; and
23       2. Serve a copy of this order on both Petitioner and Mr. Joshua Davis Bland, P-29302, at
24   Kern Valley State Prison.
25       IT IS HEREBY RECOMMENDED that:
26       1. Mr. Bland's motion to proceed as a "next friend" (ECF No. 2) be denied; and
27       2. The petition be dismissed without prejudice.
28   ////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 10, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/hino1780.101a+nxt.frnd

4