UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GEORGE HINOJOSA, | No. 2:22-cv-01780 KJM DB P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, SATF/SP, | |
| Respondent. | |

      A petition for writ of habeas corpus under 28 U.S.C. § 2254 was filed, it appears, on behalf of petitioner, Robert Hinojosa, by a fellow inmate, who identifies himself as Joshua Davis Bland. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On April 10, 2023, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within thirty days. (ECF No. 8.) Mr. Bland has filed objections to the findings and recommendations. (ECF No. 9.)

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The court has reviewed Mr. Bland's objections and finds they are without merit. "[O]ne necessary

condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). Mr. Bland has not made such a showing here. Mr. Bland suggests the petitioner is incompetent because he has not received a proper education. *See* Objs. at 3–4, ECF No. 4; Mot. at 1, ECF No. 2. However, lack of education does not render a person incompetent or unable to make intelligent decisions. *Cf. Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1196 (9th Cir. 2001) ("The putative next friend must present 'meaningful evidence' that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision.").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 10, 2023, are adopted in full;

2. Mr. Bland's motion to proceed as a "next friend" (ECF No. 2) is denied;

3. The petition is dismissed without prejudice;

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

5. The Clerk of the Court is directed to close this case.

DATED: July 21, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE